DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court following the October 13, 2005 judgment of the Erie County Court of Common Pleas denying, in part, defendants-appellants' motion for relief from judgment pursuant to Civ.R. 60(B). Because we find that the trial court erred in failing to conduct a hearing on the punitive damages claim we reverse, in part, and affirm, in part.
 {¶ 2} On August 8, 2002, plaintiff-appellee, K. Ronald Bailey Associates Co., L.P.A., filed a complaint in foreclosure against defendants-appellants, Edward I. Soltesz, Edward Dean Soltesz, and Diana Doreen Barrett (fka "Diana Doreen Soltesz"), alleging breach of contract and fraud against Edward I. Soltesz in connection with monies allegedly owed on his legal services account. The complaint also sought foreclosure on the two mortgages granted to appellee by Edward I. Soltesz, with an interest in the property held by his children, Edward Dean Soltesz and Diana Doreen Barrett. Finally, the complaint sought $16,649.34 in compensatory damages and punitive damages in the amount of $49,948.02 (or three times the compensatory damages amount.)
 {¶ 3} On October 16, 2002, appellee filed a Civ.R. 55 motion for default judgment against appellants; a damages hearing was set for March 14, 2003, but the record contains no evidence that it was ever held. On June 19, 2003, the motion was granted as to all claims and requests for damages.
 {¶ 4} On July 22, 2005, appellants filed a motion for relief from judgment pursuant to Civ.R. 60(B). In their motion, appellants argued that the trial court erroneously awarded approximately $67,000 in compensatory and punitive damages without the benefit of an evidentiary hearing. Appellants also contended that Edward Dean Soltesz and Diana Doreen Barrett were not properly served. Finally, appellants argued that the mortgages transferred by Edward I. Soltesz lacked legal effect because Edward Dean and Diana had previously been transferred a fee simple interest in the property.
 {¶ 5} In its response, appellee noted that the trial court had scheduled a damages hearing for March 14, 2003, and acknowledged that the deed signed by Edward I. Soltesz "is null and void as fraudulent." Appellee further stated that "Plaintiff would agree with the Defendant that it would be prudent for there to be a hearing to fully establish the fraudulent transfer and make an appropriate finding on the record so that Plaintiff may proceed with collection of this debt."
 {¶ 6} On October 13, 2005, the trial court denied appellants' Civ.R. 60(B) motion as to the majority of the claims; the court did grant appellants' motion as to the foreclosure award. This appeal followed.
 {¶ 7} On appeal, appellants raise the following assignment of error:
 {¶ 8} "Assignment of Error No. 1: The trial court erred and abused its discretion by failing to hold an evidentiary hearing on appellee's damages prior to the entry of a default judgment and denying in part appellants' motion for relief from judgment."
 {¶ 9} Appellants' sole assignment of error involves the interrelationship between Civ.R. 55, default judgment, and Civ.R. 60, relief from judgment. Civ.R. 55(A) provides, in part:
 {¶ 10} "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * *. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper * * *."
 {¶ 11} Civ.R. 55(B) provides that a default judgment granted under Civ.R. 55(A) may be set aside in accordance with Civ.R. 60(B). Civ.R. 60(B) provides a mechanism for obtaining relief from judgment under any of the following five circumstances:
 {¶ 12} "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 13} It is well-settled that in order to obtain relief from judgment pursuant to Civ.R. 60(B) a movant must demonstrate: the applicability of one of the above-quoted grounds for relief; that if granted relief, the party has a meritorious defense or claim to present; and that, as to claims under Civ.R. 60(B)(5), the motion was made within a reasonable time. GTE v. AutomaticElec., Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 14} A trial court's ruling on a Civ.R. 60(B) motion for relief from judgment is left to its sound discretion and will not be reversed on appeal absent a showing of an abuse of that discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 15} In their sole assignment of error, appellants contend that although the trial court properly granted default judgment in appellee's favor, it erred in awarding damages without first holding an evidentiary hearing. Appellee argues that a default judgment is, by nature, an admission to all averments in the complaint and, as such, no hearing was required.
 {¶ 16} Under Civ.R. 55(A), it is discretionary whether a trial court will conduct a hearing regarding damages. Where a damages claim is "liquidated" or based on a readily ascertainable amount, such as an account, no additional proof is necessary. (Citations omitted.) Buckeye Supply Co. v. Northeast DrillingCo. (1985), 24 Ohio App.3d 134, 136. However, "where the amount awarded by the trial court in a default judgment is not supported by either an evidentiary hearing or evidence in the record, the trial court abuses its discretion in denying relief from the damages portion of the default judgment." Capital-Plus, Inc. v.Consol. Ambulance Service Corp., 10th Dist. No. 02AP-772, 2003-Ohio-759 at ¶ 16. See Stanger v. Hughes (Mar. 31, 1994), 10th Dist. No. 93APG091-287; Chabot v. Commercial Coal Co.
(Dec. 22, 1978), 4th Dist. No. 1127 (punitive damages are, by nature, unliquidated and require additional evidence.)
 {¶ 17} In the present case, the damages awarded to appellee consisted of compensatory damages in the amount of $16,649.34 and punitive damages in the amount of $49,948.02. We agree that the compensatory component of the damages award was supported by sufficient evidence including the fee agreements signed by appellant Edward I. Soltesz and itemized billing statements. Thus, under Civ.R. 55, a hearing was not necessary.
 {¶ 18} The basis of the punitive damages award was appellee's claim that appellant Edward I. Soltesz fraudulently signed a mortgage granting appellee a lien on the property which he represented as being free from all encumbrances when, in fact, his interest was only a life estate. Punitive damages may be awarded in a fraud case where, in addition to the elements of fraud, a party proves:
 {¶ 19} "that the fraud was aggravated by the existence of malice or ill will, or must demonstrate that the wrongdoing was particularly gross or egregious. Charles R. Combs Trucking, Inc.v. Intl. Harvester Co. (1984), 12 Ohio St.3d 241, paragraph three of the syllabus. See R.C. 2315.21. Malice may be defined in two ways: (1) behavior characterized by hatred, ill will, or a spirit of revenge; or, (2) extremely reckless behavior revealing a conscious disregard for a great and obvious harm. Preston v.Murty (1987), 32 Ohio St.3d 334, 335. A bare case of fraud or constructive fraud does not warrant the assessment of exemplary or punitive damages. Logsdon v. Graham Ford Co. (1978),54 Ohio St.2d 336, 339." H.E. Reichle, Inc. v. Murphy (Aug. 7, 1998), 6th Dist. No. L-960-67.
 {¶ 20} Based on the foregoing, we find that even assuming that appellee's default judgment award acted to establish fraud, the trial court was still required to conduct an evidentiary hearing in order to determine whether punitive damages were warranted and, if so, the appropriate amount. Accordingly, we find appellant's assignment of error well-taken as it pertains to the punitive damages award.
 {¶ 21} On consideration whereof, we find that substantial justice was not done the party complaining and the judgment of the Erie County Court of Common Pleas is reversed, in part, and affirmed, in part. The matter is remanded to the trial court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED, IN PART AND REVERSED, IN PART. A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Skow, J. concur.