DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, The Whitehurst Company, appeals from a judgment denying a motion to set aside a default judgment that had been entered against it in this collection action. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Appellee, W.R. Heldt Painting, LLC, provided painting materials, labor and services to appellant in 2005. Although appellee fully performed its duties and *Page 2 
obligations, appellant failed to pay appellee. As a result, appellee filed an action against appellant to collect the sum allegedly owed, namely, $7,912.08.
 {¶ 3} After the action was filed, appellant requested and received two extensions of time to move or plead to appellee's complaint. No answer was ever filed, and no additional requests for extension were ever presented.
 {¶ 4} Approximately four months after filing its complaint, appellee filed a motion for default judgment. The motion was subsequently granted, without a hearing, and damages were awarded in the amount of $7,912.08, plus costs and interest at the statutory rate.
 {¶ 5} Appellee then filed a motion for the issuance of a non-wage garnishment order. Only after the garnishment order was issued did appellant file its motion to vacate judgment. The motion to vacate judgment was wholly unsupported by affidavit testimony or other evidence and was vigorously opposed by appellee.
 {¶ 6} At a hearing on the motion, appellant presented only limited argument — and no evidence — in support of its position. The trial court, after hearing appellant's argument, denied the motion to vacate. This decision was formalized in a judgment entry that was filed on March 19, 2007. Appellant filed an appeal from this judgment, raising the following assignments of error:
 {¶ 7} I. "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO VACATE JUDGMENT." *Page 3 
 {¶ 8} II. "THE TRIAL COURT ERRED WHEN IT ISSUED DEFAULT JUDGMENT WITHOUT HOLDING A HEARING ON THE DAMAGES REQUESTED."
 {¶ 9} Civ.R. 55(A) pertinently provides:
 {¶ 10} "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * *. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper * * *."
 {¶ 11} Civ.R. 55(B) provides that a default judgment granted under Civ.R. 55(A) may be set aside in accordance with Civ.R. 60(B). Under Civ.R. 60(B), relief from judgment may be obtained for any of the following reasons:
 {¶ 12} "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the *Page 4 
judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 13} To obtain relief from judgment under Civ.R. 60(B), a movant must demonstrate: (1) the applicability of one of the above-quoted grounds for relief; (2) that if granted relief, the party has a meritorious defense or claim to present; and (3) that the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1),(2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Elec, Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 14} Ruling on a Civ.R. 60(B) motion for relief from judgment is left to the sound discretion of the trial court and will not be reversed on appeal absent an abuse of that discretion. K. Ronald Bailey Assoc.Co., L.P.A. v. Soltesz, 6th Dist. No. E-05-077, 2006-Ohio-2489, ¶ 14. An abuse of discretion "connotes more than an error of law or judgment; it implies that he court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} In its first assignment of error, appellant argues that the trial court erred in granting the default judgment against it. Appellant does not offer any evidence or other support for its position, other than to suggest that the trial court was "simply focused on the existence of a Default." Appellant's suggestion is legally deficient in that it fails to establish the applicability of any of the grounds for relief set forth at Civ.R. 60(B)(1) *Page 5 
through (5). On this basis, alone, denial of relief from judgment was proper in this case. See GTE Automatic Elec, supra.
 {¶ 16} Even assuming, arguendo, that appellant had demonstrated a proper ground for relief, the motion for relief from judgment would still be lacking, as there was no showing whatsoever of a meritorious defense. See id.
 {¶ 17} For the foregoing reasons, we find that the trial court acted appropriately, and did not abuse its discretion, when it denied appellant's motion to vacate judgment. Accordingly, appellant's first assignment of error is found not well-taken.
 {¶ 18} Appellant argues in its second assignment of error that the trial court erred when it issued a default judgment without holding a hearing on the damages requested. We disagree.
 {¶ 19} Whether a trial court will conduct a hearing regarding damages is a matter of discretion. Civ.R. 55(A). "Where a damages claim is liquidated' or based on a readily ascertainable amount, such as an account, no additional proof is necessary. [Citations omitted.] However, `where the amount awarded by the trial court in a default judgment is not supported by either an evidentiary hearing or evidence in the record, the trial court abuses its discretion in denying relief from the damages portion of the default judgment.'" K. Ronald Bailey, supra, at ¶ 16.
 {¶ 20} In the instant case, damages were awarded in the amount of $7,912.08, plus costs and interest at the statutory rate. The award was amply supported by evidence in the form of affidavit testimony by William R. Heldt, Jr., a member of the appellee *Page 6 
company. Thus, under Civ.R. 55, a hearing was not necessary. For the foregoing reasons, appellant's second assignment of error is found not well-taken.
 {¶ 21} The judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR. *Page 1