[Cite as *Sandusky Mall Co. v. Vij*, 2010-Ohio-4776.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| SANDUSKY MALL CO., | ) | |
| | ) | CASE NO. 09 MA 198 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| ARUN DEEP VIJ DBA DOLLARZ, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:          Civil Appeal from Common Pleas
                                                          Court, Case No. 09 CV 585.


JUDGMENT:                                     Modified.


APPEARANCES:
For Plaintiff-Appellant:                     Attorney David Fantauzzi
                                                       Attorney Ronald Yourstowsky
                                                       2445 Belmont Avenue
                                                       P.O. Box 2186
                                                       Youngstown, OH  44504-0186



For Defendant-Appellee:                  Arun Deep Vij, Pro- se
                                                       17 Alberta Drive
                                                       Amherst, NY  14226




JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                                                  Dated:  September 17, 2010

DeGenaro, J.

**{¶1}** This timely appeal comes for consideration upon the record in the trial court and Appellant's brief. Plaintiff-Appellant, Sandusky Mall Company, appeals the October 1, 2009 default judgment granted in its favor and against Defendant-Appellee, Arun Deep Vij d/b/a Dollarz, by the Mahoning County Court of Common Pleas. Sandusky argues that the trial court improperly granted the statutory interest rate rather than the contractual interest rate of 18% on the $61,130.03 judgment. For the following reasons, Sandusky's arguments are meritorious. Accordingly, the judgment of the trial court is modified to include an interest rate of 18%, commencing on August 1, 2009.

## Facts and Procedural History

**{¶2}** Sandusky is a landlord with its principal place of business in Mahoning County. Sandusky and Vij entered into a lease on May 15, 2008 for a unit in Sandusky's mall. The lease specified an 18% interest rate on past-due amounts, both pre- and post-judgment.

**{¶3}** Vij defaulted on the lease and Sandusky filed a complaint seeking damages on February 18, 2009. Attached to the complaint was an account statement for Vij's leased unit, showing outstanding charges of $33,621.65 as of February 9, 2009 plus an 18% service charge on all past-due amounts. The actual lease was not included due to its voluminous size and because an original counterpart was previously delivered to Vij.

**{¶4}** Vij failed to answer or defend the complaint. Sandusky filed a motion for default judgment with a supporting affidavit by Roger Guglucello, Sandusky's Credit and Collections Manager. Guglucello averred that as of August 1, 2009, Vij owed $61,130.03 in outstanding charges which included the 18% service charge as stated in the lease. Sandusky requested judgment for $61,130.03, as well as 18% interest on the judgment, as of August 1, 2009, again, as stated in the lease.

**{¶5}** On September 30, 2009, the trial court entered the default judgment in favor of Sandusky, but modified the rate from 18% to "the statutory rate from February 18, 2009 until such date that Defendant satisfies judgment."

## R.C. 1343.03(A)

**{¶6}** In its sole assignment of error, Sandusky asserts:

**{¶7}** "The trial court erred, contrary to R.C. 1343.03(A), by substituting interest at

the 'statutory rate from February 18, 2009 until such date that Defendant satisfies judgment' instead of the interest rate of 18% per year provided in the written contract between the parties, when awarding the pre-judgment interest and post-judgment interest."

**{¶8}** We review de novo the trial court's interpretation of the lease and the resulting imposition of pre- and post-judgment interest pursuant to R.C. 1343.03(A). See *The Marion Plaza, Inc. v. 700 Block LLC.*, 7th Dist. No. 09 MA 113, 2010-Ohio-1539, at ¶13. Also, as Vij has failed to file a brief, App.R. 18(C) permits this court to "accept the appellant's statement of the facts and issues as correct and reverse the judgment if the appellant's brief reasonably appears to sustain such action."

**{¶9}** Sandusky argues the trial court erred by awarding the statutory rather than contractual interest rate to the pre- and post-judgment award. Sandusky further argues the trial court incorrectly awarded prejudgment interest from February 18, 2009 to July 31, 2009, since interest for that period was included in the $61,140.03 judgment amount.

**{¶10}** R.C. 1343.03(A) provides that a creditor is entitled to prejudgment and post-judgment interest at the statutory rate, "unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."

**{¶11}** In order for the contractual rate to apply: "(1) there must be a written contract between the parties; and (2) that contract must provide a rate of interest with respect to money that becomes due and payable. For there to be a written contract, there must be a writing to which both parties have assented." *Hobart Bros. Co. v. Welding Supply Serv., Inc.* (1985), 21 Ohio App.3d 142, 144, 21 OBR 152, 486 N.E.2d 1229. Otherwise, the statutory interest rate applies. *Marion Plaza* at ¶12.

**{¶12}** Here there was a written contract between the parties in which they agreed to an 18% interest rate on any past-due amounts. Thus, Sandusky is entitled to a pre- and post-judgment interest rate of 18%. Further, pre-judgment interest should have been awarded only from August 1, 2009 until October 1, 2009; the $61,130.03 judgment included interest up to and including July 31, 2009.

**{¶13}** The fact that an actual copy of the lease agreement was never submitted for

the record does not change the outcome. In its complaint, Sandusky adequately explained the reason for the absence of the lease as required by Civ. R. 10(D)(1). Further, Sandusky filed an affidavit with its motion for default judgment in which Guglucello averred that the lease specified an 18% interest rate. Affidavits constitute valid evidence to prove the amount of damages in the context of a default judgment. See *W.R. Heldt Painting, LLC v. Whitehurst Co.*, 6th Dist. No. L-07-1147, 2007-Ohio-6123, at ¶20. If the trial court was unsatisfied with Sandusky's evidence on damages, the court could have held an evidentiary hearing on the issue pursuant to Civ.R. 55(A). See, generally, *Nationwide Mut. Fire Ins. Co. v. Barrett*, 7th Dist. No. 08 MA 130, 2008-Ohio-6588, at ¶21-26.

**{¶14}** Sandusky's sole assignment of error is meritorious. Accordingly, the judgment of the trial court is modified to specify a pre- and post-judgment interest rate of 18% on the default judgment, with pre-judgment interest commencing on August 1, 2009.
Donofrio, J., concurs.
Waite, J., concurs.