OHIO VALLEY MALL COMPANY, Appellant,

v.

FASHION GALLERY, INC., d.b.a. Ups 'N Downs, et al., Appellees.

[Cite as *Ohio Valley Mall Co. v. Fashion Gallery, Inc.* (1998), 129 Ohio App.3d 700.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 96 C.A. 104.

Decided Aug. 10, 1998.

*David A. Fantauzzi,* for appellant.

*Richard N. Selby,* for appellees.

Cox, Judge.

This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court overruling the objections to the magistrate's decision filed by plaintiff-appellant, Ohio Valley Mall Company. Appellant was awarded $24,856.48 by summary judgment, but was denied prejudgment service charges and post-judgment interest on the amount recovered.

Appellant, as landlord, entered into a written lease on February 14, 1986, with defendant-appellee the United States Shoe Corporation, as tenant, for certain demised premises in a shopping mall, from which the tenant would operate an apparel business. The United States Shoe Corporation subsequently assigned its rights as a tenant under the written lease to defendant-appellee Fashion Gallery, Inc., d.b.a. Ups 'N Downs, which remained obligated to appellant for full performance. Defendant-appellee A.I.J.J. Enterprises, Inc. further guaranteed the payment of all rent under the lease upon the assignment of the lease to appellee Fashion Gallery, Inc.

The lease was for a term of twelve years and obligated the tenant to pay rent and other amounts to appellant. The lease agreement further required that the tenant pay interest at eighteen percent per annum or the maximum interest rate permitted by law on all past-due amounts. Appellee Fashion Gallery, Inc., as the tenant, repeatedly failed to pay rent and other amounts to appellant when due.

Appellant filed a complaint against appellees on June 29, 1995, seeking judgment on all unpaid rent and other amounts due as of the date of judgment, plus prejudgment service charges and postjudgment interest, both at eighteen percent. Appellees responded by filing a motion to dismiss pursuant to Civ.R. 10(D), which was denied by the trial court on November 20, 1995. Appellees thereafter filed an answer to appellant's complaint.

On December 15, 1995, appellant filed a motion for summary judgment, along with supporting affidavits and documentation, requesting an award of $30,489.50 plus interest at eighteen percent from December 1, 1995. Appellees replied by filing a memorandum in opposition, arguing that appellant had failed to demonstrate any basis for service charges in the amount of $2,033.22 and "lease-required advertising" charges of $3,600. Appellees did not contest their liability to appellant except as to those two specific items.

On March 19, 1996, the court magistrate issued a decision granting appellant's motion for summary judgment in part and awarding appellant $24,856.48, excluding therefrom the amounts for which appellees contested liability. The magistrate found that appellant was not entitled to summary judgment on its claim for prejudgment service charges, stating that although an eighteen percent interest rate was legal, it was unlawful to add eighteen percent postjudgment interest on top of an eighteen percent service charge, as that constituted interest on interest. The magistrate further recommended that the amount claimed for lease-required advertising be reserved for trial.

Appellant filed objections to the magistrate's decision, arguing that it was entitled to summary judgment on the service charges and lease-required advertising, as well as interest at eighteen percent on those amounts and the amount awarded by the magistrate. The trial court filed its final judgment entry on April 15, 1996, overruling appellant's objections and adopting the magistrate's decision as its order. The parties subsequently stipulated that appellant was entitled to $900 on the issue of lease-required advertising. This appeal followed.

Appellant sets forth two assignments of error on appeal.

Appellant's first assignment of error alleges:

"The trial court erred by refusing, as a matter of law, to grant Ohio Valley Mall Company judgment for the service charges that accrued on the judgment amount prior to judgment at the rate of eighteen percent (18%) per annum as specified in the written lease between the parties as interest on past-due rent and other amounts."

Appellant submits that as adopted by the trial court, the magistrate's decision in effect provided that either prejudgment service charges at eighteen percent or postjudgment interest at eighteen percent could be granted, but not both. Neither was ultimately granted. Appellant states that the trial court erred by refusing to grant it judgment for the service charges that accrued on the amount due prior to the judgment at the rate of eighteen percent per annum as specified in the written lease between the parties.

Appellant maintains the trial court misapplied the law by concluding that postjudgment interest on the service charges made the service charges unlawful.

Appellant cites *Hosford v. Automatic Control Systems, Inc.* (1984), 14 Ohio App.3d 118, 120, 14 OBR 133, 135, 470 N.E.2d 263, 265, wherein the court held:

"Upon issuance of a judgment, principal and interest become merged and no distinction can be made as between amounts originally attributable to principal and those attributable to interest. The amount reflected in the judgment then becomes subject to the accrual of statutory interest."

Appellant further cites *Thirty–Four Corp. v. Hussey* (May 7, 1985), Franklin App. No. 84AP–337, unreported, 1985 WL 10275, wherein the court stated:

"The expression 'interest due on interest' is merely the recognition that, when periodic payments of interest have not been paid as promised, the unpaid interest can constitute a part of the judgment which can then bear simple interest in the same manner as the portion of the judgment which represents principal."

Appellant argues that the trial court should not have made any distinction between unpaid prejudgment service charges and other unpaid amounts under the lease and, therefore, that the judgment should have included all prejudgment service charges that had accrued on past-due amounts under the lease prior to judgment. Appellant states that the trial court did not have any discretion to disallow the prejudgment service charges on the basis that it would then accrue postjudgment interest. Appellant argues that its right to prejudgment service charges was clear under Article 26 of the lease and Ohio law.

R.C. 1343.03(A) provides:

"In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any * * * instrument of writing * * * entered into, and upon all judgments * * * of any judicial tribunal for the payment of money arising out of * * * a contract or other transaction, the creditor is entitled to *interest at the rate of ten percent per annum, and no more, unless a written contract provides a different rate of interest in relation to the money that becomes due and payable in which case the creditor is entitled to interest at the rate provided in that contract.*" (Emphasis added.)

All amounts that appellees owed under the written lease agreement were undisputed, certain, and easily ascertainable and were thereby liquidated pursuant to R.C. 1343.03(A). Thus, appellant urges that both the lease and R.C. 1343.03(A) bestowed upon it the automatic right, as a matter of law, to an award of prejudgment service charges on the $24,856.48 judgment and the stipulated amount of $900 at the rate of eighteen percent per year from the date each amount first became due.

Appellant states that it is not only entitled to the prejudgment service charges that had accrued as of November 30, 1995, but also the prejudgment service

charges accruing from December 1, 1995 to the date of judgment. According to appellant, the prejudgment service charges as amended and due as of November 30, 1995, totaled $1,668.52 and the prejudgment service charges due from December 1, 1995 to the date of judgment totaled $2,124.91. Appellant states that these figures were calculated upon the principal sum due, excluding prior service charges, at 1.5 percent per month (eighteen percent per year).

We find that the ten percent interest rate set forth in R.C. 1343.03(A) is simply a default rate to be charged should the parties not contract otherwise, and that the maximum interest rate permitted by law is "the rate provided in that contract." The court in *P. & W.F., Inc. v. C.S.U. Pizza, Inc.* (1993), 91 Ohio App.3d 724, 729, 633 N.E.2d 606, 609, observed that in accordance with R.C. 1343.03(A), two prerequisites must be met for a judgment creditor to be entitled to interest at a rate higher than ten percent:

" '(1) [T]here must be a written contract between the parties; and (2) that contract must provide a rate of interest with respect to money that becomes due and payable. For there to be a written contract, there must be a writing to which both parties have assented.' " Quoting *Hobart Bros. Co. v. Welding Supply Serv., Inc.* (1985), 21 Ohio App.3d 142, 144, 21 OBR 152, 154, 486 N.E.2d 1229, 1232.

The written lease agreement in the case at bar met the foregoing requirements, as it was assented to by all parties and provided for interest at eighteen percent or the maximum interest rate permitted by law. Appellant's right to an interest rate of eighteen percent from the date any money was due to the date of payment was a matter of contract. See R.C. 1343.03(A) and *P. & W.F., Inc., supra*. This court has reached the same conclusion in previous cases involving similar lease provisions. See *Meadowbrook Mall Co. v. Rainbow USA, Inc.* (Dec. 30, 1997), Mahoning App. No. 96 C.A. 157, unreported, 1997 WL 816542; *Huntington Mall Co. v. Rainbow USA, Inc.* (Apr. 30, 1998), Mahoning App. No. 96 C.A. 105, unreported, 1998 WL 271274; and *Spotsylvania Mall Co. v. Peau De Peche Cosmetics* (Jan. 29, 1997), Mahoning App. No. 95 C.A. 111, unreported, 1997 WL 39903.

The trial court erred by refusing to include the service charges that accrued prior to judgment as interest on past-due amounts at eighteen percent, as provided for in the written lease.

Appellant's first assignment of error is sustained.

Appellant's second assignment of error alleges:

"The trial court erred by failing to grant Ohio Valley Mall Company post-judgment interest on the judgment amount, which interest Ohio Valley Mall

Company is entitled to receive at the rate of eighteen percent (18%) per annum as specified in the written lease between the parties."

■ Appellant again cites R.C. 1343.03(A) and maintains that the trial court committed reversible error by failing to grant postjudgment interest at the contractual rate of eighteen percent. Appellant reiterates that R.C. 1343.03(A) automatically bestows a right to statutory interest on a judgment and does not leave any discretion to the trial court to deny such interest. See *Dayton Securities Assoc. v. Avutu* (1995), 105 Ohio App.3d 559, 664 N.E.2d 954. As previously stated, the written lease met the requirements set forth in *P. & W.F., Inc., supra*, as it was assented to by all parties and provided for interest at eighteen percent or the maximum interest rate permitted by law.

■ Additionally, there is no maximum limit to the interest rate on an obligation of a corporation. R.C. 1701.68 provides:

"No domestic or foreign corporation, or anyone on its behalf, shall interpose the defense or make the claim of usury in any proceeding upon or with reference to any obligation of such corporation * * *."

The lease in this case was admittedly the obligation of three corporations, and since there is no maximum limit on the interest rate payable by a corporation, eighteen percent was the lesser interest rate and was well within the range of commercial reasonableness.

Appellees are legally bound to pay postjudgment interest at eighteen percent as provided in the written lease. See *Meadowbrook Mall Co.; Huntington Mall Co.;* and *Spotsylvania Mall Co., supra.* The trial court erred by failing to grant postjudgment interest at the contractual rate.

Appellant's second assignment of error is sustained.

The judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance with law and consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

VUKOVICH, J., concurs.

WAITE, J., dissents.

WAITE, J., dissenting.

I agree that appellees owe appellant interest on the money due under the lease from the date of breach to the date of payment. This court awards interest for the entire breach period. I disagree, however, with the amount of interest that

this court would then award for the entire breach period. The majority opinion relies on previous decisions by this court for its conclusion that appellant is owed eighteen percent interest on unpaid rents from date of breach. These earlier decisions were premised on R.C. 1701.68 for the argument that, as state law prohibits corporations from claiming usury in reference to their corporate obligations, there must be no maximum interest rate for corporations. R.C. 1701.68 does state that no corporate "evidence of indebtedness" shall be "set aside, impaired, or adjudged invalid by reason of anything contained in laws prohibiting usury or regulating interest rates." I agree with the majority opinion that had the contract clearly and specifically stated that the lessee corporation was subject to an eighteen percent interest rate that rate could not be invalidated on the basis of R.C. 1343.03(A). This contract does not clearly and specifically so state. The question here is not whether appellees may be charged eighteen percent interest on any money due, but rather, whether they should be so charged.

It is clear that appellees are obligated to pay appellant interest on past due amounts called for under the lease agreement, as evidenced by the following paragraph:

"26. Past–Due Rent

"If Tenant shall fail to pay, when the same is due and payable, any Minimum Rent or any Percentage Rent or other amounts or charges to be paid to Landlord by Tenant as provided in this lease, such unpaid amounts shall bear interest *from the due date* thereof to the date of payment at the rate which is *the lesser of eighteen percent (18%) per annum or the maximum interest rate permitted by law.*" (Emphasis added.)

Ohio courts recognize the inherent contractual nature of lease agreements and apply traditional contract principles when interpreting their provisions. See *Timber Ridge Investments Ltd. v. Marcus* (1995), 107 Ohio App.3d 174, 178, 667 N.E.2d 1283, 1285. The rule is well established that where there is doubt or ambiguity in the language of a contract it will be construed strictly against the party who prepared it. *McKay Machine Co. v. Rodman* (1967), 11 Ohio St.2d 77, 79, 40 O.O.2d 87, 88–89, 228 N.E.2d 304, 306–307; *Metro. Elec., Inc. v. Jones* (1986), 30 Ohio Misc.2d 9, 10, 30 OBR 220, 221–222, 506 N.E.2d 950, 952–953.

There is no doubt, in the language of this contract, that the parties intended that interest would be awarded on money due under this contract as of the date of breach, and not the date judgment is awarded because of the breach. Thus, the lessee contracted to pay interest to appellant from the moment rent payment or other money specified by contract was due but not paid. Paragraph 26 of the

contract is very specific in this regard. Paragraph 26 is not so specific about the amount of interest that must be paid on any money due under the contract.

R.C. 1343.03(A) sets forth the statutory interest rate that applies to contracts:

"[W]hen money becomes due and payable upon any * * * contract * * *, the creditor is entitled to *interest at the rate of ten percent per annum, and no more,* unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in the contract." (Emphasis added.)

Therefore, the "maximum interest rate permitted by law" on any contract is ten percent unless clearly specified otherwise in the contract itself.

Appellant drafted all of the provisions contained in the lease. In its present form, the paragraph that specifies the interest rate to be paid on past due amounts provides an alternative. This provision is therefore ambiguous. Construing the ambiguity strictly against the party that prepared it would entitle appellant to an interest rate of ten percent, ten percent obviously being less than eighteen percent, and thus, the lesser option specifically provided by contract.

This conclusion is inescapable due to one fact: it would have been absurdly easy for appellant, as the drafter of the contract, to draft the provision to require an interest rate of eighteen percent simply by deleting (or even running a line through) the latter part of the phrase. The majority opinion would have us and appellees ignore the last eight words of the last line of Paragraph 26 of their contract. I do not believe this phrase is mere surplus. I believe the parties contracted for an eighteen percent interest rate (which is specifically allowed by R.C. 1701.68) only when it is less than the statutory maximum. Since the Ohio statutory interest on contracts is currently ten percent, the parties here contracted for a ten percent rate of interest on all past due amounts, including those that were owed before judgment.