JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel.
The complaint in this case claimed appellant was the assignee of the lessor's interests in an equipment lease. Buckeye Foods, Inc. was the named lessee; Wolverine Management, Inc., Michael A. Eanes, Mark A. Harper, and Michael C. Johnson all executed guaranties of Buckeye's obligations. The complaint claimed that Buckeye defaulted on the lease and that Wolverine, Eanes, Harper, and Johnson were therefore liable to appellant on their guaranties.
The court awarded summary judgment to appellant and on March 3, 2000, entered judgment for $163,552.96 plus ten percent interest from November 1, 1997 until the judgment is satisfied. Appellant has timely appealed.
Appellant claims it is contractually entitled to interest at the rate of twenty-four percent per annum. Under the terms of the equipment lease,
 For any payment of rent or other amount due under a lease which is past due for more than five (5) days, interest shall accrue at the rate of 2% per month, from the date such payment was due until payment is received by Lessor, or if such rate shall exceed the maximum interest rate allowed by law, then at such maximum rate.
R.C. 1343.03(A) provides:
 In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, note, or other instrument in writing, * * * and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of * * * a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, and no more, unless a written contract provides for a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.
Under this provision, appellant is clearly entitled to interest at the contract rate of twenty-four percent per annum. Ohio Valley Mall Co. v. Fashion Gallery, Inc. (1998), 129 Ohio App.3d 700; P.W.F., Inc. v. C.S.U. Pizza, Inc. (1993), 91 Ohio App.3d 724. Accordingly, we reverse and remand for the entry of judgment awarding appellant $163,552.96 plus interest at the rate of twenty-four percent per annum from November 1, 1997 until the judgment is satisfied.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., J. and COLLEEN CONWAY COONEY, J. CONCUR.
 _________________________________ KENNETH A. ROCCO, PRESIDING JUDGE