[Cite as *Marion Plaza, Inc. v. 700 Block L.L.C.*, 2010-Ohio-1539.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

THE MARION PLAZA, INC.,     )
       )    CASE NO. 09 MA 113
     PLAINTIFF-APPELLANT,     )
       )
     - VS -        )    OPINION
       )
700 BLOCK, LLC, dba WACKY BEAR    )
AND dba WACKY BEAR STORAGE,    )
et al.,        )
       )
     DEFENDANTS-APPELLEES.    )


CHARACTER OF PROCEEDINGS:       Civil Appeal from Common Pleas
                                     Court, Case No. 09CV173.


JUDGMENT:                           Affirmed and Modified.


APPEARANCES:
For Plaintiff-Appellant:                Attorney David Fantauzzi
                                       Attorney Ronald Yourstowsky
                                       2445 Belmont Avenue
                                       P.O. Box 2186
                                       Youngstown, OH 44504-0186

For Defendants-Appellees:             Damean Harris, Pro-se
                                       3180 Hadley Avenue
                                       Youngstown, OH 44505


JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                          Dated: March 31, 2010

DeGenaro, J.,

{¶1} This timely appeal comes for consideration upon the record in the trial court and Appellant's brief. Plaintiff-Appellant, The Marion Plaza, Inc., appeals the default judgment granted in its favor and against Defendants-Appellees Damean Harris [1] and 700 Block LLC, dba Wacky Bear Storage, by the Mahoning County Court of Common Pleas. Marion Plaza's sole argument on appeal is that the trial court erred by awarding prejudgment and post-judgment interest in the amount of 8% per year, instead of 18% per year, which is the rate specified in the contracts between the parties. For the following reasons, Marion Plaza's assignment of error is meritorious. Accordingly, we modify the judgment of the trial court to include an interest rate of 18%.

### Facts and Procedural History

{¶2} Marion Plaza and 700 Block entered into a written Lease Agreement dated July 3, 2007, whereby 700 Block agreed to lease a space known as Unit No. T-86 in Marion Plaza's shopping mall. According to the evidence presented by Marion Plaza, the Lease Agreement obligates 700 Block to pay interest at 18% per year to Marion Plaza on any past-due amounts. At the time the Lease Agreement was made, Appellee, Damean Harris signed a written Guaranty of Lease in which he unconditionally guaranteed 700 Block's payments under the Lease Agreement.

{¶3} Marion Plaza and 700 Block also entered into a written In-Line License Agreement on November 7, 2007, whereby Marion Plaza granted 700 Block the license to occupy and use an additional space within its shopping mall, known as Unit No. 434-9. The License Agreement also specifies an interest rate of 18% on past-due amounts.

{¶4} 700 Block violated the Lease Agreement and the License Agreement by failing to pay amounts due, including interest. Harris failed to pay the amounts due under the Lease and Guaranty of Lease. As a result, Marion Plaza commenced the instant

---

[1] During the pendency of this appeal, Damean Harris declared bankruptcy, and accordingly we stayed the proceedings against him until the bankruptcy was resolved. We subsequently received notice that Harris' bankruptcy had been discharged. We thus lifted the stay and dismissed this appeal as to Harris only. Accordingly, this opinion and judgment apply only to The Marion Plaza, Inc. and 700 Block LLC, dba Wacky Bear and Wacky Bear Storage.

lawsuit to collect all unpaid amounts and charges under the Lease and License Agreements, plus both prejudgment and post-judgment interest at the rate of 18% per year. Attached to the Complaint were: a copy of the License Agreement; account statements as of January 12, 2009 for each of the Units; and the Guaranty of Lease executed by Harris.

{¶5} 700 Block and Harris were properly served but failed to answer. Marion Plaza filed an Application for Default Judgment on both liability and damages. Attachments to the application included account statements dated May 5, 2009, for both Units, and the affidavit of Marion Plaza Credit and Collections Manager Roger Guglucello. Guglucello averred that as of May 1, 2009, the amount owed on Unit No. T-86 (the Leased Premises) was $9,106.09 which included 18% interest on the past-due amounts which had accrued up to May 1, 2009, and were termed "services charges" in the account statements. He attested that as of May 1, 2009, the amount owed on Unit No. 434-9 (the Licensed Premises) was $3,089.65 which included 18% interest charges on the past-due amounts which had accrued up to May 1, 2009, also termed "services charges" in the account statement. Guglucello averred that the total amount owed on both the Lease and the License Agreement as of May 1, 2009, was $12,195.74.

{¶6} In its proposed Default Judgment Entry, Marion Plaza requested judgment in the amount of $12,195.74, plus prejudgment interest in the amount of 18% per year from May 1, 2009 until the date of judgment, and post-judgment interest in the amount of 18% from the date of judgment going forward. Neither 700 Block nor Harris responded or defended the lawsuit in any manner.

{¶7} On May 13, 2009, the trial court granted the Default Judgment in the amount of $12,195.74 as requested, however it modified the pre- and post-judgment interest rate to 8% instead of the requested 18%. According to the docket, the trial court did not mail notice of its May 13, 2009 judgment to the parties until May 27, 2009. Thus, Marion Plaza's notice of appeal, which was filed with this court on June 24, 2009, was timely pursuant to App.R. 4(A).

**R.C. 1343.03(A)**

**{¶8}** In its sole assignment of error, Marion Plaza asserts:

**{¶9}** "The trial court erred, contrary to R.C. 1343.03(A), by substituting an interest rate of 8% per year instead of the interest rate of 18% per year as provided in the written contracts between the parties."

**{¶10}** Initially we note that Appellees have failed to file a brief in this action, and thus pursuant to App.R. 18(C), this court "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

**{¶11}** R.C. 1343.03(A) provides that [pre- and post-judgment interest] is calculated based on the statutory rate unless "unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."

**{¶12}** Thus, "a judgment creditor is entitled to a contractual interest rate instead of the statutory rate "when (1) the parties have a written contract, and (2) that contract provides a rate of interest with respect to money that becomes due and payable." *First Bank of Ohio v. Wigfield*, 10th Dist. Nos. 07AP-561, 07AP-562, 2008-Ohio-1278, at ¶20, citing *Hobart Bros. Co. v. Welding Supply Serv., Inc.* (1985), 21 Ohio App.3d 142, 144, 486 N.E.2d 1229; *Frenchtown Square Partnership v. Shifrin Willens, Inc.* (Mar. 18, 1998), 7th Dist. No. 96 C.A. 53; *P. & W.F., Inc. v. C.S.U. Pizza, Inc.* (1993), 91 Ohio App.3d 724, 729, 633 N.E.2d 606. The statutory rate is a default rate to be used when the parties have not otherwise stipulated to another rate in a written agreement. *Wigfield* at ¶19.

**{¶13}** "R.C. 1343.03(A) automatically bestows a right to statutory interest as a matter of law on a judgment, and does not leave any discretion to trial court to deny such interest." *Cafaro Northwest Partnership v. White* (1997), 124 Ohio App.3d 605, 608, 707 N.E.2d 4. Thus, we apply a de novo standard of review to the purely legal question raised in this appeal.

**{¶14}** This court has reversed and remanded trial court judgments in the past for awarding the statutory rate for pre/post-judgment interest instead of the rate specified in contracts between the parties pursuant to R.C. 1343.03(A). See *Ohio Valley Mall Co. v.*

*Fashion Gallery, Inc.* (1998), 129 Ohio App.3d 700, 704, 719 N.E.2d 8; *Frenchtown Square Partnership,* supra; *Cafaro*, supra.  Although these cases involved a prior version of R.C. 1343.03(A), the only difference between that version and the current one is that the prior provided a fixed statutory rate, while the current one provides a variable statutory rate tied to the federal short-term rate.  See *Maynard v. Eaton Corp.*, 119 Ohio St.3d 443, 2008-Ohio-4542, 895 N.E.2d 145, at ¶5-6.  More recent decisions from other districts have also reversed where the trial court granted interest at the statutory rate when a different rate was specified in the contract between the parties.  See, e.g.*, Wigfield,* supra.

**{¶15}** Here it is clear from the record that both the Lease Agreement and the License Agreement specify an 18% interest rate on past-due amounts.  With regard to the Lease Agreement, Guglucello's affidavit and the accompanying account statement demonstrate that this contract provides an 18% interest rate on past-due amounts.

**{¶16}** Further, the License Agreement states:  "If the Licensee fails to pay, when the same is due and payable, any amount or charge to be paid to Grantor by Licensee as provided in this License, such unpaid amounts will bear interest from the due date thereof to the date of payment at the rate of eighteen percent (18%) per annum.  In the event such rate is prohibited by law, unpaid amounts shall bear interest at the maximum rate permitted by law."

**{¶17}** Since both written contracts provide an 18% rate of interest with respect to money that becomes due and payable, Marion Plaza, as judgment creditor, is entitled to a pre- and post-judgment interest rate of 18%.  R.C. 1343.03(A).  The trial court erred by awarding interest in the amount of 8%.  Marion Plaza's sole assignment of error is meritorious.  Accordingly, the judgment of the trial court is affirmed and modified to specify a pre-judgment and post-judgment interest rate of 18% on the default judgment.
Vukovich, P.J., concurs.
Donofrio, J., concurs.