[Cite as *Marion Plaza, Inc. v. D & L Ents., Inc.*, 2010-Ohio-6267.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| THE MARION PLAZA, INC. | ) | |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | CASE NO. 09-MA-207 |
| | ) | |
| D & L ENTERPRISES, INC. dba | ) | OPINION |
| COMFORT SHEET, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Court of Common
                             Pleas of Mahoning County, Ohio
                             Case No. 09CV2361

JUDGMENT:                    Affirmed and Modified

APPEARANCES:
For Plaintiff-Appellant      Attorney David A. Fantauzzi
                             Attorney Ronald Yourstowsky
                             2445 Belmont Ave.
                             P.O. Box 2186
                             Youngstown, Ohio 44504-0186

For Defendant-Appellee       D & L Enterpises, Inc., pro-se
                             2615 Saddlewood Drive
                             Waterford, PA 15441

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                             Dated: December 13, 2010

DONOFRIO, J.

{¶1}   Plaintiff-appellant The Marion Plaza, Inc. (Marion Plaza) appeals from a default judgment entered in its favor by the Mahoning County Court of Common Pleas. Marion Plaza contends that, in awarding pre- and post-judgment interest for a successful breach of contract claim, the trial court erred by substituting an interest rate of 5% per year instead of enforcing the interest rate of 18% per year provided in the written agreement between itself and defendant-appellee D & L Enterprises, Inc. d.b.a Comfort Sheets (D & L).

{¶2}   On December 12, 2008, Marion Plaza and D & L entered into a Kiosk License Agreement whereby Marion Plaza granted D & L the license to occupy and use certain premises in the Eastwood Mall in Niles, Ohio. (Complaint ¶3, Complaint Exhibit A.) D & L agreed to pay rent and certain other charges to Marion Plaza, but ultimately failed to pay all amounts due under the lease. (Complaint ¶¶4-7.) Paragraph 9 of the agreement obligates D & L to pay interest at 18% per year on past-due amounts to Marion Plaza, specifically stating:

{¶3}   "9. If Licensee fails to pay, when the same is due and payable, any amount or charge to be paid to Grantor by Licensee as provided in this License, such unpaid amounts shall bear interest from the due date thereof to the date of payment at the rate of eighteen percent (18%) per annum. In the event such rate is prohibited by law, unpaid amounts shall bear at the maximum rate permitted by law." (Complaint Exhibit A, Addendum ¶9.)

{¶4}   On June 23, 2009, Marion Plaza filed suit to collect all past-due rent, amounts and charges under the agreement unpaid as of the date of judgment, plus both pre- and post-judgment interest at the contractual rate of 18% per year. (Complaint ¶¶5-6.) D & L, however, failed to file an answer or otherwise defend. Consequently, on September 16, 2009, Marion Plaza filed an application for default judgment. Marion Plaza requested a sum of $2,564.33 plus interest at the rate of 18% per year, with prejudgment interest commencing from September 1, 2009. In calculating this balance, however, Marion Plaza did not compute interest on unpaid interest.

**{¶5}** On October 27, 2009, the trial court entered the default judgment against D & L for the requested amount, but without explanation, reduced the interest rate from 18% per year to 5% per year. (Default Judgment at 1, ¶7.) Marion Plaza subsequently filed this timely appeal, seeking to modify the court-instituted interest rate to recover both the pre-judgment interest commencing September 1, 2009 and the post-judgment interest at 18% per year as provided in the parties' agreement.

**{¶6}** In its sole assignment of error, Marion Plaza asserts:

**{¶7}** "THE TRIAL COURT ERRED, CONTRARY TO R.C. 1343.03(A), BY SUBSTITUTING AN INTEREST RATE OF 5% PER YEAR INSTEAD OF THE INTEREST RATE OF 18% PER YEAR PROVIDED IN THE WRITTEN CONTRACT BETWEEN THE PARTIES, WHEN AWARDING THE PREJUDGMENT INTEREST AND POST-JUDGMENT INTEREST."

**{¶8}** Initially, it should be noted that D & L failed to file a brief in this action. Therefore, this court "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C).

**{¶9}** Marion Plaza alleges that the trial court's unsolicited modification of the contractual interest rate was contrary to the parties' agreement, R.C. 1343.03(A), and this court's precedent.

**{¶10}** R.C. 1343.03(A) governs the present matter, stating:

**{¶11}** "[W]hen money becomes due and payable upon any * * * instrument of writing * * * and upon all judgments * * * of any judicial tribunal for the payment of money arising out of * * * a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, *unless a written contract provides a different rate of interest* in relation to the money that becomes due and payable *in which case the creditor is entitled to interest at the rate provided in that contract.*" (Emphasis added.)

**{¶12}** The Ohio Supreme Court has held that, under R.C. 1343.03, parties can agree by written contract to provide a higher rate of interest than the statutory

maximum rate. *Minister Farmers Coop. Exchange Co. v. Meyer*, 117 Ohio St.3d 459, 2008-Ohio-1259, 884 N.E.2d 1056, at ¶25. Marion Plaza, however, must satisfy two prerequisites under R.C. 1343.03(A) to be entitled to interest at a rate higher than the statutory rate: "(1) there must be a written contract between the parties; and (2) that contract must provide a rate of interest with respect to money that becomes due and payable. For there to be a written contract, there must be a writing to which both parties have assented." *Ohio Valley Mall Co. v. Fashion Gallery, Inc.* (1998), 129 Ohio App.3d 700, 704, 719 N.E.2d 8 (7th Dist.) quoting *P. & W.F., Inc. v. C.S.U. Pizza, Inc.* (1993), 91 Ohio App.3d 724, 729, 633 N.E.2d 606. Here, the record clearly indicates that the parties had entered into a written agreement, and it unequivocally stipulated that an 18% interest rate would apply to all amounts due and payable. (Complaint, Exhibit A.) Further, by failing to answer and deny the complaint, D & L admitted the averments that established these facts beyond dispute. (Complaint ¶3, Exhibit A, Addendum ¶9.) Hence, Marion Plaza is rightfully entitled to the agreed interest rate exceeding that which is provided by statute.

{¶13} Indeed, this court has issued opinions directly on point with the present controversy, and has unwaveringly held that, in a commercial lease, a party receiving a default judgment in its favor is entitled to the interest rate specified in the written contract. See *Cafaro Northwest Partnership v. White* (1997), 124 Ohio App.3d 605, 707 N.E.2d 4 (7th Dist.); *Frenchtown Square Partnership v. Shifrin Willens, Inc.* (March 18, 1998), 7th Dist. No. 96 C.A. 53; *Marion Plaza, Inc. v. 700 Block, L.L.C.*, 7th Dist. No. 09 M.A. 113, 2010-Ohio-1539.

{¶14} Most recently, in *Marion Plaza, Inc. v. 700 Block, L.L.C*, this court ruled on a matter involving the same plaintiff as the present action, given a virtually indistinguishable factual predicate, and hinging on the identical contractual provision at issue here. In that case, as here, Marion Plaza appealed from a default judgment entered in its favor against a tenant who violated their contract by failing to pay amounts due. Again as here, the trial court substituted a lower interest rate than the contractual rate of 18% that was provided in the agreement. The precise wording of

this provision is even the same as that of Paragraph 9 in the current agreement. This court unanimously held that Marion Plaza was entitled, as a matter of law, to the 18% interest rate stipulated in the lease agreement. Id. at ¶17.

{¶15} Finally, Marion Plaza contends that it should have the contractual interest rate reinstated on both the prejudgment *and* postjudgment interest. This court, relying on precedent from the Ohio Supreme Court, has declared that "[p]rejudgment interest is seemingly automatic in cases of breach of contract." *O'Nesti v. DeBartolo Realty Corp.*, 163 Ohio App.3d 609, 2005-Ohio-5056, 839 N.E.2d 943, ¶110. See, also, *Royal Elec. Constr. Corp. v. Ohio State Univ.* (1995), 73 Ohio St.3d 110, 652 N.E.2d 687. As this court clarified, rather than being a penalty for wrongdoing, awarding prejudgment interest is a remedy designed to wholly compensate the party who was deprived of the use of its financial resources. Id. These and subsequent holdings dictate that the trial court is without discretion to determine whether to award prejudgment interest in contract cases. Id. Given that Marion Plaza is entitled to prejudgment interest, the analysis shifts to ascertaining the proper interest rate. This determination relies on the previous two-part analysis laid out in *Ohio Valley Mall* and *P. & W.F. Ohio Valley Mall,* 129 Ohio App.3d at 704, 719 N.E.2d 8; *P. & W.F., Inc. v. C.S.U. Pizza, Inc.* at 729, 633 N.E.2d 606. And as previously established, both parties assented to the written agreement which explicitly provided for interest at the rate of 18% per annum. Therefore, Marion Plaza is entitled to prejudgment interest at the contractual rate.

{¶16} Likewise, the same analysis dictates that Marion Plaza is entitled to postjudgment interest at 18% per year. *Ohio Valley Mall,* 129 Ohio App.3d at 705, 719 N.E.2d 8. Moreover, postjudgment interest is properly computed on the entire judgment amount: "Upon issuance of a judgment, principal and interest become merged and no distinction can be made as between amounts originally attributable to principal and those attributable to interest. The amount reflected in the judgment then becomes subject to the accrual of statutory interest." *Hosford v. Automatic Control Systems, Inc.* (1984), 14 Ohio App.3d 118, 120, 470 N.E.2d 263. As the

Ohio Supreme Court recently reaffirmed, this consolidation does not constitute the levying of "compound interest," but reflects the proper entire judgment amount upon which simple interest should be assessed. *Mayer v. Medancic* (2009), 124 Ohio St.3d 101, 2009-Ohio-6190, 919 N.E.2d 721, at ¶25. Again, pursuant to R.C. 1343.03(A) and the precedent set forth by this court, that interest rate should be the 18% specified in the written agreement between the parties.

{¶17} Accordingly, Marion Plaza's sole assignment of error has merit.

{¶18} The judgment of the trial court is hereby affirmed and modified to specify a prejudgment and postjudgment interest rate of 18% on the default judgment.

Vukovich, P.J., concurs.

DeGenaro, J., concurs.