[Cite as *Ohio Valley Mall Co. v. Hoang*, 2010-Ohio-6510.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| OHIO VALLEY MALL CO., | ) | |
| | ) | CASE NO. 10 MA 71 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| LAM HGOC HOANG, | ) | |
| | ) | |
| DEFENDANT, | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| PHUONG OANH HOANG, | ) | |
| dba HOLLYWOOD NAILS, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Common Pleas
Court, Case No. 09 CV 1533.

JUDGMENT:     Affirmed and Modified.

APPEARANCES:
For Plaintiff-Appellant:     Attorney David Fantauzzi
Attorney Ronald Yourstowsky
2445 Belmont Avenue
P.O. Box 2196
Youngstown, OH 44504-0186

For Defendant-Appellee:     No Brief Filed

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: December 22, 2010

DeGenaro, J.

**{¶1}** This timely appeal comes on for consideration upon the record in the trial court and Appellant's brief. Plaintiff-Appellant, Ohio Valley Mall Company appeals the March 29, 2010 default judgment granted in its favor and against Defendant-Appellee, Phuong Oanh Hoang, dba Hollywood Nails, by the Mahoning County Court of Common Pleas. OVM argues that the trial court improperly granted the statutory interest rate rather than the contractual interest rate of 18% on the $40,047.92 judgment, and that the court erroneously modified the commencement date for pre-judgment interest to March 26, 2010. Because OVM is entitled to the contractual rate of interest, the judgment of the trial court is modified to include an interest rate of 18%, commencing February 1, 2010.

### Facts and Procedural History

**{¶2}** OVM and Phuong Oanh Hoang entered into a lease on May 12, 2000 for a unit in OVM's shopping center. The lease specified an 18% interest rate on past-due amounts.

**{¶3}** Phuong defaulted on the lease and OVM filed a complaint seeking damages on April 27, 2009.[1] Attached to the complaint was an account statement for Phuong's leased unit, showing outstanding charges of $34,747.31 as of April 14, 2009 plus an 18% service charge on all past-due amounts. The actual lease was not included due to its voluminous size and because an original counterpart was previously delivered to Phuong.

**{¶4}** Phuong failed to answer or defend the complaint. OVM filed an application for default judgment with a supporting affidavit by Roger Guglucello, OVM's Credit and Collections Manager. Guglucello averred that as of February 1, 2010, Phuong owed $40,047.92 in outstanding charges which included the 18% service charge as stated in the lease. OVM requested judgment for $40,047.92, as

---

[1] Lam Hgoc Hoang (Lam), a co-tenant pursuant to the lease agreement, was also named as a defendant. On May 22, 2009, OVM filed a Suggestion of Bankruptcy regarding Lam, noting that Lam had filed for Chapter 7 bankruptcy. OVM further stated it would take no further action against Lam but would proceed against Phuong. After the appeal was filed, this court issued a judgment entry stating: "Appellant has filed a Suggestion of Bankruptcy regarding defendant Lam Hgoc Hoang. Accordingly, the automatic bankruptcy stay applies to such named defendant. We further note that default judgment was entered only against defendant Phuong Oanh Hoang. Therefore, this appeal shall proceed only against defendant Phuong Oanh Hoang." (5/7/10 J.E.) On June 17, 2010, OVM filed a notice of dismissal

well as 18% interest on the judgment, as of February 1, 2010 again, as stated in the lease.  The trial court entered the default judgment in favor of OVM, but modified the rate from 18% commencing February 1, 2010 to "5%" "commencing March 26, 2010 and ending the date the Defendant pays in the amount of said Judgment."

## R.C. 1343.03(A) and Pre/Post Judgment Interest

{¶5}    In its sole assignment of error, OVM asserts:

{¶6}    "The trial court erred, contrary to R.C. 1343.03(A), by substituting interest at the rate of "5% percent" from "3/26/10" instead of the interest rate of 18% per year from February 1, 2010 provided in the written contract between the parties, when awarding the prejudgment and post-judgment interest."

{¶7}    As an initial matter, since Phuong has failed to file a brief, App.R. 18(C) permits this court to "accept the appellant's statement of the facts and issues as correct and reverse the judgment if the appellant's brief reasonably appears to sustain such action."

{¶8}    This court reviews de novo the trial court's imposition of pre- and post-judgment interest on a default judgment pursuant to R.C. 1343.03(A).  See *The Marion Plaza, Inc. v. 700 Block LLC.*, 7th Dist. No. 09 MA 113, 2010-Ohio-1539, at ¶13.  "R.C. 1343.03(A) automatically bestows a right to statutory interest as a matter of law on a judgment, and does not leave any discretion to the trial court to deny such interest."  *Cafaro Northwest Partnership v. White* (1997), 124 Ohio App.3d 605, 608, 707 N.E.2d 4.

{¶9}    R.C. 1343.03(A) provides that a creditor is entitled to pre-judgment and post-judgment interest at the statutory rate, "unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract."

{¶10} In order for the contractual rate to apply: "(1) there must be a written contract between the parties; and (2) that contract must provide a rate of interest with respect to money that becomes due and payable.  For there to be a written contract,

without prejudice regarding Lam but stated that the matter shall continue as to Phuong.

there must be a writing to which both parties have assented." *Hobart Bros. Co. v. Welding Supply Serv., Inc.* (1985), 21 Ohio App.3d 142, 144, 21 OBR 152, 486 N.E.2d 1229. Otherwise, consistent with *Hobart*, the statutory interest rate applies. *Marion Plaza* at ¶12.

{¶11} Here there was a written contract between the parties in which they agreed to an 18% interest rate on any past-due amounts. Therefore, OVM is entitled to a pre- and post-judgment interest rate of 18%. This court has recently reached this conclusion based on a substantially similar fact-pattern in *Marion Plaza*, supra. This court has reached the same result under the prior version of the R.C. 1343.03(A). See, e.g., *Ohio Valley Mall Co. v. Fashion Gallery* (1998), 129 Ohio App.3d 700, 719 N.E.2d 8 (enforcing 18% interest rate).

{¶12} Further, pre-judgment interest should have been awarded from February 1, 2010 until the date of judgment which was March 29, 2010. It is unclear why the trial court changed the commencement date for pre-judgment interest to March 26, 2010. The uncontroverted evidence establishes that the $40,047.92 judgment amount includes 18% interest up to February 1, 2010. Accordingly, OVM was entitled to pre-judgment interest on the $40,047.92 from February 1, 2010.

{¶13} The fact that an actual copy of the lease agreement was never submitted for the record does not change the outcome. In its complaint, OVM adequately explained the reason for the absence of the lease as required by Civ. R. 10(D)(1). Further, OVM filed an affidavit with its motion for default judgment in which Guglucello averred that the lease specified an 18% interest rate. Affidavits constitute valid evidence to prove the amount of damages in the context of a default judgment. See *W.R. Heldt Painting, LLC v. Whitehurst Co.*, 6th Dist. No. L-07-1147, 2007-Ohio-6123, at ¶20. If the trial court was unsatisfied with OVM's evidence on damages, the court could have held an evidentiary hearing on the issue pursuant to Civ.R. 55(A). See, generally, *Nationwide Mut. Fire Ins. Co. v. Barrett*, 7th Dist. No. 08 MA 130, 2008-Ohio-6588, at ¶21-26.

{¶14} OVM's sole assignment of error is meritorious. Accordingly, the

judgment of the trial court is affirmed and modified to specify a pre- and post-judgment interest rate of 18% on the default judgment, with pre-judgment interest commencing on February 1, 2010.

Vukovich, P.J., concurs.

Donofrio, J., concurs.