[Cite as *Buchenroth v. Adkins*, 2014-Ohio-257.]

### IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### LOGAN COUNTY

STEVEN L. BUCHENROTH,

    PLAINTIFF-APPELLANT,              CASE NO.  8-13-17

    v.

CARL ADKINS,                         O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Bellefontaine Municipal Court
Trial Court No. 2013 CVG 00453

Judgment Reversed and Cause Remanded

Date of Decision:   January 27, 2014

APPEARANCES:

    *Jeffrey M. Schulman*  for Appellant

**SHAW, J.**

{¶1} Plaintiff-appellant Steven L. Buchenroth ("Buchenroth") appeals the August 29, 2013, judgment entry of the Bellefontaine Municipal Court that awarded Buchenroth rent and damages in a Forcible Entry and Detainer action against defendant-appellee Carl Adkins ("Adkins"), but denied Buchenroth the lease agreement's rate of interest.

{¶2} The facts relevant to this appeal are as follows. On October 1, 2012, Buchenroth and Adkins entered into a written lease agreement wherein Adkins agreed to rent a residential property from Buchenroth for $525.00 per month. (Doc. 3). The agreement provided, *inter alia*, that "[t]he tenant understands and agrees that unpaid rent balances or damages awarded by a court shall bear interest at the [rate] of 18% per annum." (*Id.*) Along with signing the lease agreement, Adkins initialed by the provision regarding interest. (*Id.*)

{¶3} On June 5, 2013, Buchenroth filed a "Complaint for Forcible Entry and Detainer and Rent" alleging that Adkins was in default for failing to pay rent and late fees. (Doc. 1). A copy of the lease agreement was attached to the complaint.

{¶4} On June 27, 2013, a hearing was held wherein both Buchenroth and Adkins appeared.[1] (Doc. 15). As a result of the hearing, Adkins was ordered to vacate Buchenroth's property no later than midnight on July 7, 2013. (*Id.*)

{¶5} On July 16, 2013, Buchenroth filed a "Motion for Damage Hearing," arguing that he was entitled to unpaid rent, late fees, damages, and interest (minus Adkins's security deposit). (Doc. 16).

{¶6} On August 29, 2013, the trial court filed a judgment entry awarding Buchenroth unpaid rent, damages, and late fees (minus the security deposit) in the amount of $1,138.58, but denying Buchenroth's claim for the contract rate of interest. In the entry, the court stated, "[t]he Court finds that contract rate upon default of 18% is punitive in nature and is therefore denied."[2] (Doc. 22).

{¶7} It is from this judgment that Buchenroth appeals, asserting the following assignment of error for our review.

**ASSIGNMENT OF ERROR**
**THE TRIAL COURT ERRED IN DENYING PLAINTIFF THE CONTRACT RATE OF INTEREST WHEN GRANTING JUDGMENT.**

{¶8} In his assignment of error, Buchenroth contends that the trial court erred in denying his request for the lease agreement's rate of interest when he was granted judgment for rent, damages, and late fees. Specifically, Buchenroth

---

[1] No transcript of this hearing was produced.
[2] The record seems to imply that a hearing was held on Buchenroth's motion as there was an entry filed stating that there would be a hearing on August 15, 2013. However, if an oral hearing was held, no transcript was produced, and the court's final judgment entry does not mention the oral hearing.

argues that Adkins signed a lease agreement with a provision entitling Buchenroth to 18% interest on a court judgment and that Adkins should be held to that contracted rate of interest.

**{¶9}** Initially, we would note that Adkins has failed to file a brief in this case. Under App.R. 18(C), "[i]f an appellee fails to file the appellee's brief within the time provided by this rule, * * * in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

**{¶10}** Revised Code 1343.03(A) governs the award of pre-judgment and post judgment interest. It provides that a creditor is entitled to pre-judgment and post-judgment interest at the statutory rate, "unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract." R.C. 1343.03(A). Revised Code 1343.03(A) "'automatically bestows a right to statutory interest as a matter of law on a judgment, and does not leave any discretion to the trial court to deny such interest.'" *Ohio Valley Mall Co. v. Hoang*, 7th Dist. No. 10 MA 71, 2010-Ohio-6510, ¶ 8, quoting *Cafaro Northwest Partnership v. White*, 124 Ohio App.3d 605, 608 (7th Dist.1997).

**{¶11}** Thus, according to the statute, and the caselaw interpreting it, Buchenroth was entitled to receive interest; however, it remains for us to

determine whether the statutory interest rate should apply or the contract's interest rate.

{¶12} In order for the contractual rate to apply in this case over the statutory rate of interest: "'(1) there must be a written contract between the parties; and (2) that contract must provide a rate of interest with respect to money that becomes due and payable. For there to be a written contract, there must be a writing to which both parties have assented.'" *Hoang*, *supra*, at ¶ 10, quoting *Hobart Bros. Co. v. Welding Supply Serv., Inc.*, 21 Ohio App.3d 142, 144 (10th Dist.1985).

{¶13} In this case, there was a lease agreement between the parties, which also contained a specific rate of interest (18%). The lease agreement was signed by both parties, and it was initialed by Adkins beside the agreed rate of interest in the event of a judgment. Thus the lease agreement would satisfy the requirements of R.C. 1343.03(A) to apply the contracted rate.

{¶14} Nevertheless, the trial court did not award the contracted rate of interest, finding it to be "punitive in nature." Despite the trial court's finding that the rate was "punitive," multiple cases from various Ohio Appellate Courts (including our own) have found the interest rate of 18% (or even slightly higher) to be acceptable under R.C. 1343.03(A) provided there was a similar written contractual agreement stating the agreed rate. *Ohio Valley Mall Co. v. Hoang*, 7th

Dist. Mahoning No. 10 MA 71, 2010-Ohio-6510, ¶ 13 (commercial lease agreement wherein an 18% interest rate and was ordered enforced); *Heffner Investments, Ltd. v. Piper*, 3d Dist. Mercer No. 10-07-09, 2008-Ohio-2495, ¶¶ 62-70 (finding that commercial lease agreement interest rate of 2% monthly, or 24% annually was enforceable); *Ohio Valley Mall Co. v. Fashion Gallery, Inc.*, 129 Ohio App.3d 700, 704, (7th Dist.1998) (commercial lease agreement with interest rate of 18% enforced by the court); *Cafaro Northwest Partnership v. White*, 124 Ohio App.3d 605, 608, (7th Dist.1997) (enforcing 18% interest rate in commercial lease agreement); *P. & W.F., Inc. v. C.S.U. Pizza, Inc.*, 91 Ohio App.3d 724, 729-30, (8th Dist.1993) (finding trial court should have enforced written commercial lease agreed rate of 12%, which was greater than the statutory rate); *See also Realty Income Corp. v. Garb-Ko, Inc.*, 10th Dist. No. 13AP-35, 2013-Ohio-4932, ¶¶ 34-39 (finding plain error where court awarded interest but applied statutory rate of interest over agreed-upon leased term); *CitiFinancial, Inc. v. Bihn*, 6th Dist. Lucas No. L-11-1114, 2011-Ohio-5941, ¶ 11 (interest rate stated on a note was 19.39% and the court found that rate of interest should have been awarded to the appellant); *John Soliday Financial Group, L.L.C. v. Starcher*, 5th Dist. Richland No. 2008CA0331, 2009-Ohio-2565, ¶ 13 (enforcing a contracted interest rate of 24.95%).

{¶15} We would note that the majority of the cases we have cited dealt with interest rates on commercial leases rather than residential leases.  In *Meadowbrook Dev. Corp. v. Roberts*, 8th Dist. No. 79747, 2001-Ohio-4176, the Eighth District Court of Appeals declined to extend the reasoning of the cases regarding commercial leases to residential leases.  In doing so, the Eighth District held, "While nothing * * * expressly permits or prohibits a lease provision that charges a specific rate of interest, we are not convinced that such an omission sanctions a rate of interest in excess of the statutory amount merely because the term is contained in a lease agreement executed between parties of unequal bargaining ability."  On the other hand, in *Takats v. Groth*, 12th Dist. No. CA93-06-106, 1993 WL 500241 (Dec. 6, 1993), the Twelfth District Court of Appeals implied that it would apply a mutually agreed upon rate to residential leases if it was contained in the contract and assented to by the parties.

{¶16} Notwithstanding the decision of the Eighth District in *Meadowbrook*, we find that the parties in this case should be held to the agreed upon rates in their contract, provided the appropriate requirements are met as stated in R.C. 1343.03(A).  As there are no provisions in the Landlord Tenant Act (R.C. Chapter 5321) or in R.C. 1343.03(A) that would either preclude the trial court from enforcing the contracted rate of interest or that would authorize the trial court to

ignore the terms of the contract, we must conclude that the trial court should have applied the rates as bargained for in the lease agreement.

{¶17} Accordingly, we find that the trial court erred by not allowing interest at the rate provided for in the contract. Therefore, Buchenroth's assignment of error is sustained.

{¶18} For the foregoing reasons, Buchenroth's assignment of error is sustained and the judgment of the Bellefontaine Municipal Court is reversed and remanded for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**WILLAMOWSKI, P.J. and ROGERS, J., concur.**

**/jlr**