[Cite as *RLM Properties, Ltd. v. Roberts*, 2014-Ohio-3510.]

IN THE COURT OF APPEALS FOR CHAMPAIGN COUNTY, OHIO

RLM PROPERTIES, LTD                  :

    Plaintiff-Appellant              :                  C.A. CASE NO.    2014 CA 8

v.                                   :                  T.C. NO.    13CVG916

MARC ROBERTS                         :                  (Civil appeal from
                                                         Municipal Court)

    Defendant-Appellee               :

                                     :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____15th_____ day of _____August_____, 2014.

. . . . . . . . . .

DARRELL L. HECKMAN, Atty. Reg. No. 0002389, One Monument Square, Suite 200, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellant

MARC ROBERTS, 501 Boyce Street, Urbana, Ohio 43078
    Defendant-Appellee

. . . . . . . . . .

FROELICH, P.J.

{¶ 1} RLM Properties, Ltd. appeals from a judgment of the Champaign County Municipal Court, which granted a default judgment in favor of RLM Properties and against its former tenant, Marc Roberts, in the amount of $3,632.26 for unpaid rent, late fees, property damage, and other expenses. RLM Properties claims that the trial court's calculation of damages is against the manifest weight of the evidence and that the trial court

should have awarded it additional damages. For the following reasons, the trial court's judgment will be affirmed.

**{¶ 2}** On April 3, 2013, Roberts entered into a lease with RLM Properties to rent a house located at 501 Boyce Street in Urbana for $695 per month. Although not pled in the complaint, Roberts had previously rented from RLM Properties, and he allegedly had an outstanding balance from the prior rental.

**{¶ 3}** On December 10, 2013, RLM Properties brought a forcible entry and detainer action against Roberts, seeking restitution of the Boyce Street property and damages for unpaid rent, late fees, and other expenses. Attached to the complaint was the April 2013 lease and a three-day notice dated November 11, 2013. Roberts did not respond to the complaint. The trial court granted restitution of the property and ordered Roberts to move out by 6:00 p.m. on January 10, 2014. The court scheduled a damages hearing for January 24, 2014. Roberts did not attend the damages hearing.

**{¶ 4}** According to Roberts's lease, Roberts was obligated to pay a total of $6,255 ($695 x 9 months) in rent between April 3, 2013 and December 2013. At the damages hearing, RLM Properties submitted a Move-Out Report indicating that RLM Properties prorated the amount that Roberts owed for January 2014, the month that he was evicted. The prorated amount came to $291.46, for a total rent obligation of $6,546.46. During this time period (April 2013-January 2014), Roberts paid a total of $2,410 for rent, leaving an unpaid rent balance of $4,136.46.

**{¶ 5}** The Move-Out Report further showed that, when the lease started in April 2013, Roberts had an existing balance of $9,075 from a prior rental with RLM Properties.

That rental apparently began in January 2011 and had a rate of $1,095 per month. On January 9, 2014, RLM Properties applied a $1,095 security deposit to Roberts's total balance due.

{¶ 6} Roberts's April 2013 lease provided that rent was due before the first of the month. RLM Properties could charge a $50 late fee if rent was not received "following the fifth day of each month" and an additional $50 late fee "after the 15th of the month." In addition, if rent had not been received by 9:00 a.m. on the sixth day of the month, a three-day notice would be posted, for which a $10 fee would be charged. RLM Properties' request for damages included $630 for fees during the April 2013 - January 2014 rental period. The March 2013 balance forward also included amounts for late fees and three-day notice fees.

{¶ 7} RLM Properties requested additional damages related to 501 Boyce Street, as follows: (1) $262.59 for Roberts's water bill, (2) $37.47 to replace three doors locks, and (3) a total of $1,671 for cleaning and repairs to the home. RLM Properties provided a copy of the water bill and a store receipt for the locks. The company also provided an invoice from Brian S. Daniels for the cleaning and repairs.

{¶ 8} RLM Properties' total requested damages equaled $15,689.78. It summarized its request as $262.59 for the water bill, $37.47 for the locks, $1,671 for needed repairs, $14,813.72 in unpaid rent and late fees, minus $1,095 for the security deposit. The trial court informed RLM Properties at the damages hearing that its requested damages exceeded the jurisdictional limit of the municipal court, which was $15,000. RLM Properties indicated that it was asking the court to award $15,000.

{¶ 9} The same day as the hearing (January 24), the trial court issued a judgment entry in favor of RLM Properties in the amount of $3,632.26, plus interest and court costs. The court found that Roberts owed a total of $6,546.46 for rent, plus a $100 late fee, and was entitled to a credit of $3,779.26[1] ($6,546.46 - $3,779.26 = $2,767.20 of unpaid rent). The court also awarded a total of $765 for cleaning and repairs.

{¶ 10} On February 3, 2014, RLM Properties filed a "motion to correct error," asking the court to correct its judgment to reflect total damages of $15,000, the amount sought at the hearing, plus interest and costs. The trial court denied the motion.

{¶ 11} RLM Properties appeals from the trial court's judgment. Its sole assignment of error states:

**The decision of the trial court was against the manifest weight of the evidence in that it awarded insufficient damages on uncontradicted evidence in a default judgment context.**

{¶ 12} RLM Properties asserts that the trial court's judgment was against the manifest weight of the evidence because it awarded only $2,767.20 for back rent (plus $100 in late fees), when RLM Properties had sought back rent in the amount of $13,627.26. RLM Properties surmises that the trial court awarded back rent only for the period of time covered by the April 2013 lease, and a review of the record supports that conclusion. RLM Properties claims that the trial court should have awarded back rent and fees for Roberts's entire rental period, back to January 2011. RLM Properties further asserts that Roberts admitted to the amount of damages by not responding to the complaint.

---

[1] Although the trial court did not itemize the credits, it appears that the court credited Roberts $2,410 for rent, the security deposit of $1,095, and a payment of $274.20, which the Move-Out Report states was a water bill payment.

{¶ 13}   First, we agree with the trial court's apparent conclusion to limit its award to the April 2013 to January 2014 rental period.  RLM Properties' complaint alleged that it owned the rental property located at 501 Boyce Street, that Roberts took possession of that property under a lease dated April 3, 2013, and that he agreed to pay $695 per month, plus late fees, if necessary, pursuant to that lease.  RLM Properties sought restitution of that property.   Paragraph five of the complaint stated that Roberts was in default "for rent and late fees" totaling $14,372.26, of which $13,627.26 was "on rental account through November plus $695.00 for December rent and the first $50.00 late fee for December." RLM Properties indicated that a copy of Roberts's account was attached as Exhibit B; Exhibit B was the three-day notice to vacate, dated November 11, 2013.   The notice provided an account forward as of September 30, 2013 and the charges for October and November of 2013.   RLM Properties attached the April 3, 2013 lease as Exhibit A.

{¶ 14}   Nothing in RLM Properties' complaint (other than amount of damages sought) suggested that RLM Properties was seeking damages based on Roberts's breach of a lease for a different property owned by RLM Properties.   The complaint did not allege that Roberts had leased a different property of RLM Properties and that he had defaulted on that other lease.   The prior lease was not attached to the complaint.   *See* Civ.R. 10(D)(1) ("When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading.").   And, the three-day notice to vacate attached to the complaint itemized only two months of charges and payments, both of which occurred during Roberts's lease of 501 Boyce Street, and it was posted at the Boyce Street address, the address listed for Roberts on the notice.   The notice

to vacate was insufficient to constitute a statement of account for Roberts's rental of a different property. In short, RLM Properties did not, in this action, allege a claim for breach of contract based on the prior lease, and nothing in this Opinion precludes RLM Properties from raising such a claim in a separate lawsuit.

{¶ 15} Second, we reject RLM Properties' contention that the trial court was required to award the amount of damages alleged in the complaint due to Roberts's failure to file an answer. Under Civ.R. 8(D), "[a]verments in a pleading to which a responsive pleading is required, *other than those as to the amount of damage*, are admitted when not denied in the responsive pleading." (Emphasis added.) The trial court may enter a default judgment without a hearing where the amount claimed is liquidated or can be calculated from evidence contained in the record. *See Columbus Mgmt. Co. v. Nichols*, 10th Dist. Franklin No. 92AP-191, 1992 WL 193694, *4 (Aug. 4, 1992). But once the trial court determined that it would hold a hearing on damages, the court was entitled to consider all of the evidence submitted by RLM Properties in determining the amount of damages to which RLM Properties was entitled. *See CitiMortgage, Inc. v. Kermeen*, 2d Dist. Darke No. 2011 CA 2, 2012-Ohio-1655, ¶ 35.

{¶ 16} The trial court's limitation of damages to only the period of April 2013 through January 2014, the period of time covered by the April 3, 2013 lease, was not against the manifest weight of the evidence. We note that RLM Properties has not challenged the trial court's calculations of those damages, and we will not address that issue.

{¶ 17} RLM Properties' assignment of error is overruled. The trial court's judgment will be affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Darrell L. Heckman
Marc Roberts
Hon. Gil S. Weithman