[Cite as *Dix Rd. Property Mgt., L.L.C. v. Thomas*, 2019-Ohio-5366.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


DIX ROAD PROPERTY MANAGEMENT LLC, :

:     CASE NO. CA2019-07-126

Appellant, :

:     O P I N I O N
                        12/30/2019

- vs - :

:

JEREMY E. THOMAS, et al., :

:

Appellees.


CIVIL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 2019CVF00872


Joseph R. Matejkovic, 9078 Union Centre Boulevard, Suite 350, West Chester, Ohio 45069-4879, for appellant

Jeremy E. Thomas, 401 South G Street, Hamilton, Ohio 45013-3218, appellee, pro se

Brittany A. Adams, 401 South G Street, Hamilton, Ohio 45013-3218, appellee, pro se


**S. POWELL, J.**

{¶ 1} Appellant, Dix Road Property Management LLC ("Dix Road"), appeals from a judgment issued by the Hamilton Municipal Court granting it default judgment against

appellees, Jeremy E. Thomas and Brittany A. Adams.[1]  For the reasons outlined below, the trial court's judgment is reversed and this matter is remanded for further proceedings.

{¶ 2}  On May 24, 2017, Dix Road entered into a contract with Thomas and Adams to lease residential rental property located in Trenton, Ohio.  Pursuant to that contract, the parties agreed that a 24% interest rate would apply to and accrue on any outstanding balance that may be found due and payable to Dix Road.  After entering into this contract, Thomas and Adams failed to pay rent, late fees, utilities, and other charges then due and payable to Dix Road.  As a result, on March 29, 2019, Dix Road filed a complaint for breach of contract requesting $2,670 in damages from Thomas and Adams.  Dix Road also requested prejudgment and postjudgment interest at the contracted 24% interest rate plus court costs.  Neither Thomas nor Adams filed any responsive pleading to Dix Road's complaint.

{¶ 3}  On June 12, 2019, Dix Road moved for default judgment against Thomas and Adams.  The trial court granted Dix Road's motion on June 27, 2019.  However, rather than granting Dix Road prejudgment and postjudgment interest at the contracted 24% interest rate, the trial court instead granted Dix Road the following:

> Therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff Dix Road Property Management, LLC is hereby granted judgment against Defendants Jeremy E. Thomas and Brittany A. Adams, jointly and severally, in the amount of $2,670.00 together with post-judgment interest at the rate of 5% per year, and all costs of this action.

{¶ 4}  Dix Road now appeals from the trial court's decision, raising the following single assignment of error for review.

{¶ 5}  THE  TRIAL  COURT  ERRED  TO  THE  PREJUDICE  OF

---

1. Neither Thomas nor Adams filed a brief in this matter.  Pursuant to App.R. 18(C), if the appellee fails to file a brief, such as Thomas and Adams in this case, this court "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

PLAINTIFF/APPELLANT BY GRANTING JUDGMENT WITH INTEREST AT OTHER THAN THE CONTRACT RATE.

{¶ 6} In its single assignment of error, Dix Road argues that the trial court erred by failing to award it prejudgment and postjudgment interest at the contracted 24% interest rate. We agree.

{¶ 7} "The Ohio Supreme Court has held that, under R.C. 1343.03, parties can agree by written contract to provide a higher rate of interest than the statutory maximum rate." *Marion Plaza, Inc. v. D & L Enters.*, 7th Dist. Mahoning No. 09-MA-207, 2010-Ohio-6267, ¶ 12, citing *Minster Farmers Coop. Exchange Co. v. Meyer*, 117 Ohio St.3d 459, 2008-Ohio-1259, ¶ 25. Specifically, R.C. 1343.03(A) provides, in pertinent part, the following:

> [W]hen money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code, *unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.*

(Emphasis added.)

{¶ 8} The statute "encourages payment of money judgments resulting from tort or contract claims" and "incentivizes one to keep financial promises or otherwise interest will be added to the past-due amount from the date of nonpayment." *Ginn v. Stonecreek Dental Care*, 12th Dist. Fayette Nos. CA2018-09-019, CA2018-09-019, and CA2018-11-022, 2019-Ohio-3229, ¶ 16. "R.C. 1343.03(A) has been applied in awarding both prejudgment and postjudgment interest in contract causes of action." *Deerfield Twp. V. Mason*, 12th Dist. Warren No. CA2011-12-138, 2013-Ohio-779, ¶ 28, citing *Hance v. Allstate Ins. Co.*, 12th

Dist. No. CA2008-10-094, 2009-Ohio-2809, ¶ 5.

{¶ 9} "The statutory rate set forth in R.C. 1343.03(A) is a default rate that is applied unless the parties have otherwise agreed on a different rate of interest in writing." *Midwestern Auto Sales, Inc. v. Lattimore*, 12th Dist. Butler Nos. CA2014-02-029 thru CA2014-02-032, CA2014-03-067, CA2014-03-068, CA2014-04-086, and CA2014-04-087, 2015-Ohio-53, ¶ 25, citing *Realty Income Corp. v. Garb-Ko, Inc.*, 10th Dist. Franklin No. 13AP-35, 2013-Ohio-4932, ¶ 33. In order for there to be a deviation from the statutory rate of interest, two prerequisites must be met: "(1) there must be a written contract between the parties; and (2) the contract must provide a rate of interest with respect to money that becomes due and payable." *Chappell Door Co. v. Roberts Group, Inc.*, 12th Dist. Fayette No. CA90-09-013, 1991 Ohio App. LEXIS 2081, *10-11 (May 6, 1991), citing *Hobart Bros. Co. v. Welding Supply Serv., Inc.*, 21 Ohio App.3d 142, 144 (10th Dist.1985). "Once a judgment is rendered, the interest rate in the contract * * * will continue to govern until the amount due is paid." *Id.*, citing *First Bank of Ohio v. Wigfield*, 10th Dist. Franklin Nos. 07AP-561 and 07AP-562, 2008-Ohio-1278, ¶ 20.

{¶ 10} Both prerequisites are met in this case; (1) there is a written contract between the Dix Road, Thomas, and Adams that (2) sets forth a 24% interest rate with respect to money that becomes due and payable to Dix Road. By failing to file any responsive pleading to Dix Road's complaint, Thomas and Adams admitted the same and assented to the contracted 24% interest rate. "[A] party receiving a default judgment in its favor is entitled to the interest rate specified in the written contract." *Marion Plaza*, 2010-Ohio-6267, ¶ 13. Therefore, rather than the default statutory interest rate set forth in R.C. 1343.03(A) and 5703.47, the contracted 24% interest rate applies to all money due and payable to Dix Road. Accordingly, Dix Road's claim that the trial court erred by failing to apply the contracted 24% interest rate to its award of postjudgment interest has merit.

{¶ 11} Dix Road's claim that the trial court erred by failing to award it prejudgment interest at that same contracted 24% interest rate also has merit. "Once a plaintiff receives judgment on a contract claim, the trial court has no discretion but to award prejudgment interest under R.C. 1343.03(A)." *Textiles, Inc. v. Design Wise, Inc.*, 12th Dist. Madison Nos. CA2009-08-015 and CA2009-08-018, 2010-Ohio-1524, ¶ 49; *Deerfield Twp.*, 2013-Ohio-7 at ¶ 28 (awarding "prejudgment interest is mandatory" in contract cases under R.C. 1343.03[A]). The record in this case indicates that prejudgment interest, at the contracted rate of 24%, began accruing the date that Thomas and Adams breached their contract with Dix Road in February 2019. *See, e.g., Midwestern Auto Sales*, 2015-Ohio-53 at ¶ 33 (appellant entitled to prejudgment interest from date of default on retail installment sales contract). Therefore, because the trial court erred by failing to apply the contracted 24% interest rate rather than the default statutory interest rate set forth in R.C. 1343.03(A) and 5703.47, Dix Road's single assignment of error is sustained, the trial court's judgment is reversed, and this matter is remanded to the trial court for further proceedings.

{¶ 12} Judgment reversed and remanded.

HENDRICKSON, P.J., and RINGLAND, J., concur.