[Cite as *Day Air Credit Union, Inc. v. Davis*, 2021-Ohio-2054.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| DAY AIR CREDIT UNION, INC. | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28999 |
| | : | |
| v. | : | Trial Court Case No. 20-CVF-751 |
| | : | |
| DARREN DAVIS | : | (Civil Appeal from |
| | : | Municipal Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of June, 2021.

. . . . . . . . . . .

MICHAEL D. STULTZ, Atty. Reg. No. 0082291 and DOUGLAS A. STEPHAN, Atty. Reg. No. 0087313, 106 East Market Street, P.O. Box 400, Tiffin, Ohio 44883
      Attorneys for Plaintiff-Appellant

DARREN DAVIS, 811 11th Avenue, Middletown, Ohio 45044
      Defendant-Appellee, Pro Se

. . . . . . . . . . . . .

EPLEY, J.

{¶ 1} Day Air Credit Union, Inc. (Day Air) appeals from the trial court's grant of a default judgment against Darren Davis on Day Air's claim for breach of a retail installment contract and security agreement. Day Air contends that the trial court erred in failing to order interest at the contractual rate and to award $100 in late fees. For the following reasons, the trial court's judgment will be reversed insofar as it granted interest at the statutory rate and excluded late fees, and the matter will be remanded for a hearing on Day Air's request for late fees. In all other respects, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 2} Day Air's complaint and attached exhibit provide the following facts.

{¶ 3} On December 29, 2018, Darren Davis purchased a 2018 Chevy Malibu from Jeff Schmidt Chevrolet, Ltd. To finance the purchase, Davis executed a "Retail Installment Contract and Security Agreement" in the principal amount of $27,533.74. Under the agreement, Davis agreed to pay finance charges on the unpaid balance at rate of 16.60 percent "from the date of this Contract until paid in full."

{¶ 4} The Truth-In-Lending Disclosure in the agreement stated an annual percentage rate of 16.96 percent and indicated that Davis would make monthly payments of $610.30 for 72 months. Davis could prepay the contract, in full or in part, without penalty. The Disclosure further stated that, if a payment was more than 10 days late, Davis would be charged "10% of unpaid amount of Payment due or $20.00." Davis agreed to make payments in accordance with the payment schedule and late charge provision of the Truth-In-Lending Disclosure. To secure payment, the agreement

granted a security interest in the vehicle to Jeff Schmidt Chevrolet.

{¶ 5} The same day as the purchase, Jeff Schmidt Chevrolet assigned the Retail Installment Contract and Security Agreement to Day Air. According to Day Air, Davis defaulted on the agreement by failing to make timely and complete payments. Pursuant to the contract, Day Air accelerated Davis's obligation and required payment in full.

{¶ 6} On June 23, 2020, Day Air filed suit in the Miamisburg Municipal Court, alleging that Davis had defaulted on the agreement and that it was owed $13,650.53, plus late fees of $100, and interest at a rate of 16.60 percent. The Retail Installment Contract and Security Agreement was attached to the complaint. Day Air's complaint did not elaborate on how and when Davis defaulted on the agreement or when late fees were assessed. The complaint also did not expressly indicate when Davis's obligation became "due and payable," although Day Air sought interest from July 25, 2019.

{¶ 7} The complaint and summons were served by certified mail to Davis's address on June 30, 2020. Davis did not respond to the complaint.

{¶ 8} On October 20, 2020, Day Air moved for a default judgment, seeking $13,650.53, plus $100 in late fees, and interest at a rate of 16.60 percent from July 25, 2019. Day Air supported its motion with several documents. The first was an affidavit from John D. Theobald, SVP/Chief Lending Officer of Day Air, who affirmed the facts stated in the complaint. Day Air further provided proof of service of the complaint and summons and submitted an affidavit from its counsel, averring that Davis was not in the military, as demonstrated by a status report pursuant to the Servicemembers Civil Relief Act.

{¶ 9} On December 2, 2020, the trial court granted a default judgment to Day Air

and against Davis. The court ordered that Day Air was entitled to a principal amount of $13,650.53 and interest on the principal at the rate of "five % per annum from and after July 25, 2019." The judgment did not include any amount for late fees.

{¶ 10} Day Air appeals from the trial court's judgment, raising two assignments of error, which we will address in reverse order. Davis did not file a responsive appellate brief.

## II. Late Fees

{¶ 11} In its second assignment of error, Day Air claims that the trial court abused its discretion when it failed to award $100 for late fees. Day Air argues that Davis admitted to owing the $100 in late fees when he failed to respond to the complaint, and the trial court thus should have ordered the payment of late fees, as requested.

{¶ 12} Default judgments are governed by Civ.R. 55, which provides in part: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor[.]" Civ.R. 55(A). "Typically, the entry of default judgment is proper because the failure to appear or defend against the plaintiff's claims is deemed a confession of their veracity, and, therefore, an admission of liability." *Lane v. U.S. Bank, N.A.*, 10th Dist. Franklin No. 18AP-197, 2018-Ohio-3140, ¶ 9. *See Brookville Enters., Inc. v. Seibel,* 2d Dist. Montgomery No. 28561, 2020-Ohio-948, ¶ 23.

{¶ 13} Under Civ.R. 8(D), "[a]verments in a pleading to which a responsive pleading is required, *other than those as to the amount of damage*, are admitted when not denied in the responsive pleading." (Emphasis added.) Consequently, a defaulting party admits the allegations of the complaint, but the plaintiff still must establish damages.

*E.g., Bank of America, N.A. v. Goetz*, 6th Dist. Ottawa No. OT-19-027, 2020-Ohio-3751, ¶ 9, citing *Reinbolt v. Kern*, 183 Ohio App.3d 287, 2009-Ohio-3492, 916 N.E.2d 1100, ¶ 28 (6th Dist.). A trial court is not required to hold a hearing on damages where the complaint and motion for default judgment clearly set forth the amount of damages and show that the amount is ascertainable. *E.g., In re Ball*, 2d Dist. Montgomery No. 24786, 2012-Ohio-2095, ¶ 10; *RLM Properties, Ltd. v. Roberts*, 2d Dist. Champaign No. 2014-CA-8, 2014-Ohio-3510, ¶ 15 ("The trial court may enter a default judgment without a hearing where the amount claimed is liquidated or can be calculated from evidence contained in the record.").

{¶ 14} Civ.R. 55(A) provides a mechanism when factual questions make the right to a default judgment or the amount of damages unclear. It states, in relevant part:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

{¶ 15} In general, we review a trial court's decision to grant a default judgment for an abuse of discretion. *Backyard Rentals, LLC v. Brooks*, 2d Dist. Greene No. 2019-CA-48, 2020-Ohio-205, ¶ 11, citing *Wright State Univ. v. Williams*, 2d Dist. Greene No. 2012 CA 37, 2012-Ohio-5095, ¶ 5. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 16}** Day Air contends that the trial court should have included $100 in late fees in its judgment, because Davis admitted to his liability in that amount by failing to respond to the complaint. Day Air relies on *Bank of Am., N.A. v. Truax*, 7th Dist. Monroe No. 17 MO 0011, 2018-Ohio-3101, and *Discover Bank v. Hicks*, 4th Dist. Washington No. 06CA55, 2007-Ohio-4448, to support its contention that its requested late fees were not "damages" within the meaning of Civ.R. 8(D).

**{¶ 17}** In *Truax*, Bank of America (BOA) sought to recover $5,603.92 on a credit account to Truax. BOA attached a credit card statement to the complaint. After Truax failed to respond, BOA moved for a default judgment. The trial court granted the motion as to Truax's liability, but scheduled a hearing on damages due to BOA's failure to attach the underlying contract. BOA did not appear at the damages hearing, and the court subsequently granted judgment for BOA in the amount of zero dollars.

**{¶ 18}** On appeal, the Seventh District reversed. It reasoned: "For more than a century, the rule in Ohio has been that an amount alleged in a complaint to be due and unpaid on a promissory note is not a claim for damages, and is admitted when not denied in a responsive pleading. Hence, despite the trial court's repeated pronouncements, no hearing on damages was required." (Citation omitted.) *Truax* at ¶ 17. The court followed the reasoning of the Fourth District in *Hicks*, which had held that, "[w]hen an action is brought on an account, the allegation of the amount due is not 'an allegation of value or damage, but is a specific allegation on the amount due on the account * * * and must be controverted by answer.' " *Hicks* at ¶ 7, quoting *Farmers & Merchants State and Savings Bank v. Raymond G. Barr Ent., Inc.*, 6 Ohio App.3d 43, 44, 452 N.E.2d 521 (4th Dist.1982). The Seventh District thus remanded with instructions to the trial court to

enter judgment in favor of BOA in the amount of $5,603.92.

{¶ 19} Contrary to the authority cited by Day Air, this appellate district has repeatedly held that Civ.R. 55(A) grants the trial court discretion to decide if a damages hearing is necessary. *E.g., RLM Properties, Ltd.*, 2d Dist. Champaign No. 2014-CA-8, 2014-Ohio-3510, at ¶ 13; *Schroeder v. Gold*, 2d Dist. Montgomery No. 10052, 1987 WL 5627, *4 (Jan. 22, 1987). Moreover, we have expressly stated that "it is within the discretion of the trial court to require such proof where the claim is based upon a written instrument, a contract where a specific amount is due or an account." *Schroeder* at *4, citing *Buckeye Supply Co. v. Northeast Drilling Co.*, 24 Ohio App.3d 134, 136, 493 N.E.2d 964 (9th Dist.1985) ("It has always been within the discretion of the trial court to determine whether further evidence is required to support a claim against a defaulting defendant."), and *Farmers & Merchant Bank*, 6 Ohio App.3d 43, 452 N.E.2d 521. Other appellate districts also have held that a trial court "may require a party to substantiate their claims with evidence prior to entering default judgment." *5500 S. Marginal Way, L.L.C. v. Parker*, 8th Dist. Cuyahoga No. 109767, 2021-Ohio-1410, ¶ 20.

{¶ 20} Here, Day Air failed to provide specific information about how Davis defaulted, when payments were made, when late fees were imposed, and when the total amount due became due and payable. To the extent that the trial court had factual questions about Day Air's entitlement to late fees and other amounts, the trial court had the discretion to conduct a hearing to resolve these matters.

{¶ 21} While Theobald's affidavit stated that Day Air was entitled to late fees of $100, we cannot conclude, as Day Air contends, that the trial court was required to award $100 in late fees – the trial court had the discretion to require proof of that claim.

Nevertheless, the trial court did not hold a damages hearing, and it did not provide an explanation for its failure to include an award for late fees. On this record, and in the absence of a hearing, the trial court abused its discretion in failing to include late fees in its judgment. Day Air's second assignment of error is sustained.

### III. Interest Rate

{¶ 22} In its first assignment of error, Day Air claims that the "trial court erred when it granted default judgment concerning a contract by using the statutory rate rather than that contract's agreed-upon interest rate."

{¶ 23} "Under Ohio law, the payment of interest on a civil judgment is governed by R.C. 1343.03." *Belknap v. Shears*, 11th Dist. Portage No. 2012-P-0007, 2012-Ohio-5582, ¶ 39. That statute addresses both prejudgment and postjudgment interest. "Prejudgment interest accrues on a contract claim from the time that the money due to the plaintiff should have been paid." *Quest Workforce Solutions, LLC v. Job1USA, Inc.*, 2018-Ohio-3304, 119 N.E.3d 817, ¶ 28 (6th Dist.), citing *Bell v. Teasley*, 10th Dist. Franklin No. 10AP-850, 2011-Ohio-2744, ¶ 27. Postjudgment interest accrues from the date of the judgment.

{¶ 24} Of import in this case, R.C. 1343.03(A) provides:

(A) In cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, * * * and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of * * * a contract or other transaction, the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the

Revised Code, *unless a written contract provides a different rate of interest in relation to the money that becomes due and payable, in which case the creditor is entitled to interest at the rate provided in that contract.*

**{¶ 25}** In essence, R.C. 1343.03(A) sets a statutory default rate of interest for certain written transactions. However, when there is a contract between the parties and the contract provides a rate of interest as to money that becomes due and payable, the contractual interest rate governs. *See, e.g., Dix Rd. Property Mgt. LLC v. Thomas*, 12th Dist. Butler No. CA2019-07-126, 2019-Ohio-5366, ¶ 9; *John Soliday Fin. Group, L.L.C. v. Wetzl*, 7th Dist. Mahoning No. 09-MA-04, 2010-Ohio-756, ¶ 12. Moreover, in addition to postjudgment interest at the contractual rate, R.C. 1343.03(A) requires the payment of prejudgment interest at the contractual rate from the time that the money becomes due and payable. *MRC Innovations, Inc. v. Lion Apparel, Inc.*, 2020-Ohio-694, 152 N.E.3d 513, ¶ 39 (2d Dist.) ("In actions for breach of contract, 'R.C. 1343.03(A) requires that interest begins to run from the date the debt was due and payable unless otherwise provided in the contractual agreement.' "); *Midwestern Auto Sales, Inc. v. Lattimore*, 12th Dist. Butler No. CA2014-02-029, 2015-Ohio-53, ¶ 30.

**{¶ 26}** Whether a trial court's determination of prejudgment and postjudgment interest is reviewed de novo or, instead, for an abuse of discretion depends on the statutory basis for the interest and whether questions of law are involved. When a trial court imposes prejudgment and postjudgment interest on a default judgment pursuant to R.C. 1343.03(A), an appellate court reviews the ruling de novo. *Ohio Valley Mall Co. v. Hoang*, 7th Dist. Mahoning No. 10 MA 71, 2010-Ohio-6510, ¶ 8 ("This court reviews de novo the trial court's imposition of pre- and post-judgment interest on a default judgment

pursuant to R.C. 1343.03(A)."); *Marion Plaza, Inc. v. 700 Block L.L.C.*, 7th Dist. Mahoning No. 09 MA 113, 2010-Ohio-1539, ¶ 13 (" 'R.C. 1343.03(A) automatically bestows a right to statutory interest as a matter of law on a judgment, and does not leave any discretion to trial court to deny such interest.' *Cafaro Northwest Partnership v. White* (1997), 124 Ohio App.3d 605, 608, 707 N.E.2d 4. Thus, we apply a de novo standard of review to the purely legal question raised in this appeal.").

{¶ 27} We agree with Day Air that R.C. 1343.03(A) applies to the trial court's determination of prejudgment and postjudgment interest. We note, initially, that Day Air has applied inconsistent terms to describe the agreement at issue. The complaint and Theobald's affidavit stated that Davis signed a "Note" and a "Security Agreement." The document attached to the complaint, however, identifies itself as a "Retail Installment Contract and Security Agreement." On appeal, Day Air generally refers to the document simply as a contract. Regardless, the Retail Installment Contract and Security Agreement signed by Davis constitutes a written contract that provides the rate of interest to be paid on money that becomes due and payable.

{¶ 28} Davis agreed to pay finance charges on the unpaid balance at a rate of 16.60 percent "from the date of this Contract until paid in full." (This rate of interest is permissible under the Retail Installment Sales Act. *See* R.C. 1317.061.) Given the terms of the contract and Davis's failure to respond to the complaint, the trial court erred in failing to grant interest at the rate of 16.60 percent, as requested by Day Air.

{¶ 29} Day Air's first assignment of error is sustained.

{¶ 30} We note that, although an award of prejudgment interest is required under R.C. 1343.03(A), a trial court exercises its discretion in making a factual determination as

to when a debt became due and payable. *MRC Innovations* at ¶ 40. Although Day Air did not specify when it accelerated the obligation, the complaint and affidavit in support of the motion for default judgment suggest that the balance became due and payable on July 25, 2019. In this case, the trial court awarded interest from July 25, 2019, as requested by Day Air. The date from which interest is to be paid is not disputed in this appeal, and we do not disturb that determination.

## IV. Conclusion

**{¶ 31}** The trial court's judgment will be reversed insofar as it granted interest at the statutory rate, and the trial court is instructed to grant interest at a rate of 16.6 percent, in accordance with the contract. The trial court's judgment will also be reversed insofar as it excluded late fees, and the matter will be remanded for a hearing on Day Air's request for late fees. In all other respects, the trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies sent to:

Michael D. Stultz
Douglas A. Stephan
Darren Davis
Hon. Robert W. Rettich, III